## L & N Sales Co. v. Little Brown Jug, Inc.

*Samuel M. Brodsky*, for plaintiff.

*Marvin D. Weintraub*, for defendant.

HAGAN, J., June 4, 1957.—Plaintiff entered judgment against defendant upon a warrant of attorney accompanying a conditional sales agreement. Defendant filed a petition and rule to open the judgment; plaintiff filed an answer thereto and depositions were taken. It is upon this state of the record that the matter now comes before us.

The record reveals the following pertinent facts: That defendant operates a taproom; that plaintiff is engaged in the business of selling a device known as a "Bev Flo Pourer", which is affixed to a whiskey bottle and is supposed to automatically measure the precise amount of whiskey per drink; that defendant

purchased a number of these pourers from plaintiff for which he signed a conditional sales contract; that the contract contained a warrant of attorney to confess judgment should defendant not comply with the terms thereof; and that plaintiff has entered judgment against defendant thereon.

Defendant contends that the judgment should be opened for the following reasons: (1) When defendant's president signed the conditional sales agreement, he was not aware of its contents and thought that he was merely signing an order form, and (2) the whiskey pourers did not work satisfactorily and were unfit for the purpose for which they were sold.

The first ground assigned by defendant for opening the judgment may be dispensed with summarily. The depositions, viewed in the light most favorable to defendant, merely reveal that at the time defendant's president signed the conditional sales agreement he was busy and did not take the time to read it. Clearly, this is not a sufficient basis for opening a judgment.

The depositions do, however, contain sufficient evidence to support defendant's second ground for opening the judgment. Several witnesses testified that the whiskey pourers did not operate properly, that the size of the drinks dispensed by them varied greatly, some being too small and some too large, and that they otherwise were unfit for the purpose for which they were sold. The depositions also reveal that defendant notified plaintiff of the unsatisfactory performance of the pourers, that plaintiff was unable to rectify the situation, and that defendant finally notified plaintiff that defendant wished to return the pourers but plaintiff refused to accept them. Thereafter plaintiff entered the judgment which is the subject of this action.

Plaintiff contends, however, that defendant may not raise the defense that the pourers were unmerchantable or that they were not fit for the purpose for which

they were sold, by reason of clauses in the conditional sales agreement stating that the pourers were sold "without warranty, guarantee or representations of any kind or nature" and "without any express or implied warranties unless written hereon at the date of purchase". The legal question which is determinative of this matter, therefore, although neither party has addressed itself to it, is the effect of the foregoing statements in the conditional sales agreement. If they preclude defendant from raising the defense of breach of warranty of merchantability or the warranty that the goods were fit for the purpose for which they were sold, then defendant's petition to open the judgment must be dismissed. If, on the other hand, these provisions are legally ineffective, then the petition must be granted and the judgment opened.

The conditional sales agreement was entered into on December 19, 1955. This date is subsequent to the effective date of the Uniform Commercial Code of April 6, 1953, P. L. 3, and accordingly the agreement is governed by the code. Section 2-316(2) of the code (12A PS §2-316(2)) provides:

"Exclusion or modification of the implied warranty of merchantability or of fitness for a particular purpose must be in specific language. . . ."

The question arises, therefore, as to whether or not the language employed in the conditional sales agreement, to wit, that the merchandise was sold "without warranty, guarantee or representations of any kind or nature" and "without any express or implied warranties" is sufficiently specific to exclude the implied warranties of merchantability or of fitness for a particular purpose within the meaning of the above quoted section of the Uniform Commercial Code.

While there is no appellate court decision construing this section of the code, we may be guided by the

472

Uniform Commercial Code comment under section 2-316. Paragraph 4 of the comment begins as follows:

"Implied warranties may not be excluded merely by the use of a clause disclaiming 'all warranties express or implied.'"

We believe that this interpretation is consistent with the general purpose of the code to promote fair dealings in business transactions, and therefore hold that the language employed in the contract in the instant case was not sufficiently specific to exclude the implied warranties of merchantability and fitness for the particular purpose for which the merchandise was sold. See Hartman v. Green, 17 Somerset 134, where the court, in construing a similar provision, arrived at the same conclusion.

For the foregoing reasons, defendant's rule to open the judgment entered against it is hereby made absolute and defendant is let into a defense.